## Case No. 8,785.

### In re McFADEN.

[3 N. B. R. 104 (Quarto, 27).] 1

District Court, W. D. Texas. 1869.

BANKRUPTCY — ASSIGNEE'S BOND — GENERAL—
SURETIES—SPECIAL—WIFE AS SURETY.

1. On motion of creditors for an order to have assignee file a new general bond, of which two of the sureties had become bankrupt and the third surety was his wife, conditioned that he would faithfully discharge the duties of the office in every case in which he was or should become assignee, *held*, that a general bond for such purpose is not authorized by the bankruptcy act [of 1867 (14 Stat. 517)], but that an assignee must give special bond in each case where a bond is necessary.

2. By the laws of Texas a wife cannot charge her separate estate by becoming surety on such a bond, and nothing to its worth is added by her execution thereof.

[In the matter of James McFaden, a bankrupt.]

DUVAL, District Judge. The assignee herein, I. K. Williams, and who is also assignee in many other cases in bankruptcy, had not given bond in any special case but had given a bond in ten thousand dollars, conditioned for the faithful discharge of his duties in all cases in which he might be appointed assignee. Upon this bond the assignee's wife and I. W. and W. Flanigan, were sureties. Subsequently the assignee himself (the principal on the bond) and his sureties, the two Flanigans, went into bankruptcy. Under these circumstances exceptions have been taken by the counsel for certain creditors to the bond in question, and discussed before the register, G. W. Whitmore, Esq. These exceptions, so far as it is necessary to notice them, were:

First. That the bond, being a general one, and applicable to no particular case, was not such as the law requires. This exception was overruled by the register.

Second. That the wife of the principal, as one of the sureties on the bond, was not responsible in law thereon. This exception was also overruled by the register.

Third. That the principal and two of his sureties having gone into bankruptcy, another bond was necessary. This exception was sustained by the register, and the assignee was ordered to give bond anew in the sum of ten thousand dollars, to be held applicable to, and cover his responsibility in all cases in which he might be assignee.

The questions arising upon these exceptions, and upon which the register and the creditors differ in opinion, have been certified to me for my decision. In my opinion the law contemplates that an assignee in bankruptcy should give a separate and distinct bond for each case in which he is appointed or elected, provided a bond be needed at all. My impression, however, at the time the assignee gave the bond in question, was different, and that a general bond, such as he had given, would be sufficient to make him responsible in all cases. This impression was so expressed, I believe, to the register, in reply to his verbal inquiry on the subject. But, from a careful investigation of the matter since, I am satisfied this idea was erroneous, and that the law contemplates the assignee should give bond in each case for which he is appointed. The register, I think, is mistaken in deciding that a wife can make herself or her separate property responsible by becoming a surety on such a bond as this. The decisions of the supreme court of this state have determined that the wife cannot charge her separate estate, except for necessaries, and cannot even convey the same by deed, except in the mode provided, for by the statutes. No security, therefore, is added to the bond by her execution of the same. In so far as the decision of the register requires the assignee to give another bond in this case, the same is approved. In other respects it is overruled as being incorrect.[2]

2 The bond must be given on the application therefor of any creditor. In re Fernberg [Case No. 4,743]. Yet only the district judge can require its execution. In re Dean [Id. 3,699].

